UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>    Plaintiff,<br><br>    v.<br><br>GOVERNOR EDMUND G. BROWN, et al.,<br><br>    Defendants. | No. 2:14-cv-2206-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESIDENT BARACK OBAMA, et al.,<br><br>    Defendants. | No. 2:14-cv-2606-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL SECURITY AGENCY, et al.,<br><br>    Defendants. | No. 2:14-cv-2872-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

1

| | |
|---|---|
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>            Defendants. | No.  2:14-cv-2996-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>SACTO. CTY. BD. OF SUPERVISORS, et al.,<br><br>            Defendants. | No.  2:15-cv-326-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES ATTORNEY, BENJAMIN WAGNER, et al.,<br><br>            Defendants. | No.  2:15-cv-641-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT M. MAXEY, et al.,<br><br>            Defendants. | No.  2:15-cv-950-JAM-EFB PS |

/////

/////

/////

/////

| | | |
|---|---|---|
| 1 | JAMES C. MAXEY, | No.  2:15-cv-1006-JAM-EFB PS |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | U.S. SENATOR BARBARA BOXER, et al. | |
| 5 | | |
| 6 | Defendants. | |
| 7 | JAMES C. MAXEY, | No.  2:15-cv-1018-JAM-EFB PS |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | PRESIDENT WILLIAM J. CLINTON, et al., | |
| 11 | | |
| 12 | Defendants. | |
| 13 | JAMES C. MAXEY, | No.  2:15-cv-1019-JAM-EFB PS |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | EDMUND G. BROWN, et al., | |
| 17 | Defendants. | |
| 18 | | |
| 19 | JAMES C. MAXEY, | No.  2:15-cv-1070-JAM-EFB PS |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | KAISER FOUNDATION HOSPITAL, et al., | |
| 23 | Defendants. | |
| 24 | | |
| 25 | ///// | |
| 26 | ///// | |
| 27 | ///// | |
| 28 | ///// | |

| | |
|---|---|
| JAMES C. MAXEY,     Plaintiff,          v. UNITED STATES, et al.,     Defendants. | No.  2:15-cv-1178-JAM-EFB PS |
| JAMES C. MAXEY,     Plaintiff,          v. UNITED STATES OF AMERICA, et al..,     Defendants. | No.  2:15-cv-1243-JAM-EFB PS |
| JAMES C. MAXEY,     Plaintiff,          v. STATE OF CALIFORNIA, et al.,     Defendants. | No.  2:15-cv-1349-JAM-EFB PS |
| JAMES C. MAXEY,     Plaintiff,          v. NAT. REPUBLICAN PARTY, et al.,     Defendants. | No.  2:15-cv-1379-JAM-EFB PS |

/////

/////

/////

/////

4

| | |
|---|---|
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED KINGDOM, et al.,<br><br>       Defendants. | No.  2:15-cv-1469-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>       Defendants. | No.  2:15-cv-1507-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>       Defendants. | No.  2:15-cv-1508-JAM-EFB PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>   v.<br><br>MAYOR KEVIN JOHNSON, et al.,<br><br>       Defendants. | No.  2:15-cv-1656-JAM-EFB PS |

/////
/////
/////
/////
/////

1 In each of the above-entitled actions, with the exception of one case,[1] plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[2] His declarations make the showing required by 28 U.S.C. §1915(a)(1) and (2). Accordingly, the requests to proceed *in forma pauperis* are granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaints fail to state a claim and must therefore be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

---

[1] In *Maxey v. Johnson*, 2:15-cv-1656-JAM-EFB PS, plaintiff originally filed his complaint in the Sacramento County Superior Court, and the United States subsequently removed the action to this court. Accordingly, no application to proceed *in forma pauperis* was filed in that action.

[2] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
2  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
3  requires a complaint to include "a short and plain statement of the claim showing that the pleader
4  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
5  upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6  Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
7  those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
8  511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
9  confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
10 requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
11 "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
12 authorized by a federal statute that both regulates a specific subject matter and confers federal
13 jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
14 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
15 matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*
16 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction
17 of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of
18 subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*
19 *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

20 Over the course of two years, plaintiff has filed over one hundred and seventy civil actions
21 in this district, the vast majority of which were summarily dismissed as frivolous or for failure to
22 state a viable claim. As with his other complaints, the operative complaints in the above-entitled
23 actions contain allegations that are plainly frivolous because they lack even "an arguable basis
24 either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*,
25 490 U.S. 319, 325, 328 (1989). Although the allegations in each complaint vary, each action is
26 based on plaintiff's allegations concerning a vast government conspiracy involving, *inter alia*, the
27 implantation of a microchip in plaintiff's head. *See, e.g.*, *Maxey v. Brown*, 2:14-cv-2206-JAM-
28 EFB PS, ECF No. 3 at 2 ("Under the guise of national security and scientific progress, the Obama

and Brown administration is conducting illegal and unwarranted (24 hours a day) government surveillance of Plaintiff by way of satellite microchip implant technology criminally and surgically inserted (as an infant) into Plaintiff's brain, eyes and body by physicians with the United States Air Force."); *Maxey v. Johnson*, 2:15-cv-1656-JAM-EFB PS, ECF No. 1-1 at 5 ("The Defendants and others have financially exploited, targeted and victimized the Plaintiff because of an illegal agreement between the United States and United Kingdom to surgically insert 'GPS satellite microchip implant technology' into the Plaintiff's brain (as an infant)."). In light of the fanciful, indeed, delusional allegations of each complaint the court finds that the above-entitled actions are patently frivolous and must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, it is hereby ORDERED that plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled actions, are granted.

Further, it is RECOMMENDED that the complaints filed in the above-entitled cases be dismissed without leave to amend, and the Clerk be directed to close the above-entitled cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE